J-S24014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
          v.                         :
                                   :
                                   :
BRENDAN C. NEWMAN           :
                                   :
           Appellant          :    No. 385 EDA 2022

Appeal from the Judgment of Sentence Entered November 10, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002164-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
          v.                         :
                                   :
                                   :
BRENDAN C. NEWMAN           :
                                   :
           Appellant          :    No. 386 EDA 2022

Appeal from the Judgment of Sentence Entered November 10, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002163-2020

BEFORE: PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED AUGUST 26, 2022**

Brendan C. Newman appeals from the judgment of sentence imposed following his guilty plea to intimidation of witnesses or victims at case number 2163-2020 and terroristic threats at case number 2164-2020. **See** 18

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S.A. §§ 4952(a); 2706(a)(1). Newman argues that the trial court abused its discretion in imposing an excessive sentence. We affirm.

On July 19, 2020, Newman brought five children to a community pool in West Chester. When the lifeguard, Jalen Wade, notified Newman that it was the pool policy to have no more than four children per one adult, Newman became verbally abusive and asked Wade to meet him outside the pool area to settle the situation. Newman then shouted that he would kill Wade when he was finished with work. Subsequently on July 22, 2020, Newman went to Wade's home and threatened him through his mother. Thereafter, the police arrested Newman, and the Commonwealth charged him with crimes at two separate cases.

On July 26, 2020, Newman entered an open guilty plea to one count of intimidating a witness or victim at 2163-2020, arising from his statements to Wade's mother on July 22, 2020, and one count of terroristic threats at 2164-2020, arising from his statements to Wade at the pool on July 19, 2020. The trial court then sentenced Newman to 11½ to 23 months in prison, followed by 3 years' probation for the intimidating a witness or victim convictions, and imposed a concurrent probation term of 4 years for the terroristic threats conviction. Notably, the trial court rejected Newman's attempt to be sentenced to the Chester County Mental Health Court. Newman did not file a post-sentence motion, but did file a timely appeal.

On appeal, Newman raises the following question for our review: "Whether the sentencing court imposed an excessive sentence that failed to consider documented mitigating factors such as [Newman's] mental health, and which failed to consider the option of mental health recovery court?" Brief for Appellant at 8.

Newman argues that his sentence was excessive, and the trial court failed to consider mitigating factors, including his mental health. *See id.* at 13, 14-15. Newman further asserts that the trial court abused its discretion in failing to place him in mental health court. *See id.* at 14-15. Newman's claims challenge the discretionary aspects of his sentence.[1]

Preliminarily, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

> a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[1] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020) (stating that an open guilty plea waives all issues other than the jurisdiction of the court, the validity of the guilty plea, the legality of the sentence, and the discretionary aspects of the sentence).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, Newman filed a timely notice of appeal. However, Newman neither preserved his challenge at sentencing nor filed a post-sentence motion seeking reconsideration of his sentence. Accordingly, he has failed to properly invoke this Court's jurisdiction, and we are precluded from addressing his claim. *See Commonwealth v. Bradley*, 237 A.3d 1131, 1139 (Pa. Super. 2020) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).[2]

Nevertheless, if Newman preserved his claim, we would conclude that the record clearly demonstrates the court considered Newman's mental health while imposing sentence:

> So I have not sent you to state prison even though the guidelines would have called for that in the hope that you are

---

[2] Following sentencing, Newman's counsel asked the trial court to clarify whether Newman was being denied mental health court, to which the trial court replied that Newman was denied mental health court. *See* N.T., 11/10/21, at 17. Even if we find that such a statement preserved Newman's mental health court claim at sentencing, Newman did not raise this claim in his Rule 2119(f) concise statement. Accordingly, Newman waived this claim. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 585–86 (Pa. Super. 2010) ("At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm."). Further, a claim that the trial court failed to consider Newman's mental health is not equivalent to a claim that Newman was entitled to be diverted to mental health court.

serious about doing good for people. I'm being told you have [b]ipolar [d]isorder, which is a very, very serious disorder. It's not your fault, but it's something that you have got to figure out how to [] handle it.

And my personal business is meaningless, but I do have a friend with [b]ipolar [d]isorder. When he was young he used drugs to try to make himself feel better and level things out. He got arrested a few times. And then he decided to turn his life around and he has been putting up with the treatment. He's now in his early 80s. He's been putting up with the treatment because he hates it, but it gives him the opportunity to do good. He ended up [getting a] PhD in psychology and teaching …. He led a very good life and has great kids and a bunch of grandkids. He still hates he's [b]ipolar and he still hates that he has to deal with it. But he decided, you know what, I have the ability and I'm going to use it. So, Mr. Newman, I hope that's what will happen for you.

N.T., Sentencing, 11/10/21, at 16-17; ***see also*** Trial Court Opinion, 2/9/22, at 5-7.

Further, at sentencing, the trial court had the benefit of the presentence investigation report, which establishes that it was aware of relevant information regarding Newman's character and mitigating factors. ***See Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (stating that where the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed). Finally, we note the trial court rejected mental health court for Newman because a probationary-only term, a requirement for mental health court, was not appropriate under the circumstances. Accordingly, even if Newman properly preserved his discretionary aspects of

sentencing claim, based upon the totality of the trial court's considerations, we would discern no abuse of the trial court's discretion in imposing Newman's sentence. ***See id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2022